Fredrico LOWE, Appellant,

v.

CITY OF ST. LOUIS; William Banister; Lewis Anderson, Appellees.

Fredrico LOWE, Appellant,

v.

Thomas M. BOOKER; Carl Gilmore; City of St. Louis, Appellees.

Fredrico LOWE, Appellant,

v.

Michael McDARBY; St. Louis City Jail, Appellees.

Fredrico LOWE, Appellant,

v.

Claude WOODSON and City of St. Louis, Appellees.

Fredrico LOWE, Appellant,

v.

Venus MATHISON and City of St. Louis, Appellees.

No. 86–1939.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 19, 1987.

Decided April 13, 1988.

Rehearing Denied May 18, 1988.

James P. Lemmonds, St. Louis, Mo., for appellant.

David R. Bohm, St. Louis, Mo., for appellees.

Before HEANEY, ARNOLD and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Fredrico Lowe appeals from the district court's directed verdict in favor of the City of St. Louis. We affirm.

## I. BACKGROUND

This appeal arises out of five separate actions Lowe brought under 42 U.S.C. §§ 1981, 1983, and 1988, against the City of St. Louis and various correctional officers and supervisory personnel at the St. Louis City Jail. The five cases were consolidated for trial.

In his complaint, Lowe alleged that on August 15, 1984, while he was an inmate at the St. Louis City Jail, Officer Michael McDarby entered Lowe's cell, beat Lowe with his fists, and severely injured him.

Lowe also claimed that he was subsequently denied medical treatment and attention for the injuries inflicted. In his initial pro se complaint, Lowe alleged that the City knew that McDarby had previously attacked other inmates, but had done nothing about it. The amended complaint prepared by counsel alleged that McDarby had not been effectively trained, that the City knew of his propensity to assault inmates, and that the City was deliberately indifferent to this fact. It also alleged that the City denied Lowe needed medical care.

This case was tried to a jury. After three days of testimony, the court granted the City's motion for a directed verdict. It stated:

> I don't believe that under the circumstances the City of St. Louis is liable. There was a failure to show a pattern and practice of acquiescing and allowing beatings and allowing guards to remain on duty that were incompetent. There was a failure to show in the court's opinion that these acts were part of a custom and practice in the City Jail. That does not mean that these individual incidents did not happen. The Court is going to leave that to the jury in this case.

The jury found for Lowe against McDarby and awarded Lowe damages of $500.[1] Thereafter, the district court denied Lowe's motion for a new trial. Lowe's timely appeal followed.

On September 3, 1986, this Court appointed appellate counsel for Lowe and directed counsel to file a brief setting forth the issues, facts, and arguments on appeal. He did so. No responsive brief was filed by the City. Thereafter, this Court required preparation of the trial transcript. We have now reviewed that transcript and find no error in the district court's action in granting a directed verdict.

## II. DISCUSSION

■ No presumption of correctness attaches to the district court's directed verdict in favor of the City. *See Wilson v. City of North Little Rock*, 801 F.2d 316,

---

1. The jury found for several other individuals named as defendants in Lowe's complaint.

320 (8th Cir.1986). This Court must independently review the evidence and will affirm only if the evidence is so one-sided that it permits no reasonable inferences to sustain Lowe's position. *See id.; see also Williams v. Mensey*, 785 F.2d 631, 635 (8th Cir.1986).

■ Municipal liability attaches under section 1983 when an official responsible for establishing final policy deliberately chooses to follow an unconstitutional course of action or when a city employee implements an unconstitutional municipal policy or custom which causes injury to the plaintiff. *See Harris v. City of Pagedale*, 821 F.2d 499 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987); *Westborough Mall, Inc. v. City of Cape Girardeau*, 794 F.2d 330, 338 (8th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1373, 94 L.Ed.2d 688 (1987). One must first identify the policy and then determine whether the policy is unconstitutional. *Dick v. Watonwan County*, 738 F.2d 939, 943 (8th Cir.1984).

Lowe alleges that the evidence at trial showed that the City acted pursuant to its policy in failing to supervise and control McDarby and in retaining him in a position that allowed him to assault Lowe. This theory requires proof that the City knew that McDarby had engaged in prior offensive conduct and that its failure to remedy this problem amounted to tacit authorization of or deliberate indifference to McDarby's unconstitutional behavior. *See Wilson*, 801 F.2d at 322; *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir.1985).

■ Although the jury's verdict in Lowe's case establishes that McDarby acted unconstitutionally in beating Lowe, this single act is an insufficient predicate for municipal liability. *See Sanders v. St. Louis County*, 724 F.2d 665, 667 (8th Cir. 1983). The record additionally shows (1) that McDarby assaulted a prisoner in 1983; (2) that he had engaged in a knife fight with another correctional officer in 1983; (3) that on two occasions he had been rated as "inadequate" in his relations with oth-ers; and (4) that in annual evaluations he had been rated as "must improve" in his dealings with other correctional officers, prisoners, superiors, and the public.

The record further shows, however, that Claude Woodson, the Chief Correctional Officer, responded to McDarby's prior misbehavior by implementing the City's "progressive discipline policy." McDarby was suspended for three days for the first incident and twenty-four days for the second incident. Woodson advised him that he would be terminated if further incidents of this nature occurred. When the incident which is the subject of this lawsuit occurred, Woodson told McDarby that he would recommend that McDarby be terminated. At that point, McDarby submitted his resignation.

While Woodson may or may not be a policymaker who could bind the City, *see St. Louis v. Praprotnik*, —— U.S. ——, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), we find insufficient basis in the transcript for holding the progressive discipline policy implemented by Woodson unconstitutional. It rather appears to be a reasonable one under all of the circumstances. We thus affirm the decision of the district court.